United States District Court
Southern District of Texas
**ENTERED**
August 21, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEODAN CASTILLO TORRES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-0543 |
| | § | |
| RANDY TATE, et al., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Leodan Castillo Torres ("Petitioner"), a citizen of Cuba, entered the United States without inspection on April 17, 2019.[1] On April 19, 2019, Petitioner was served with a Notice to Appear, charging him with removability under § 212(a)(6)(A)(i) of the Immigration and Nationality Act.[2] On May 1, 2019, Petitioner was released on his own recognizance.[3] On January 2, 2024, an immigration judge granted Petitioner withholding of removal to Cuba and ordered Petitioner

---

[1]Sworn Declaration of Deportation Officer Carlton Hammers ("Hammers Declaration"), Exhibit 3 to Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 8-3, p. 3 ¶ 4. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id. ¶ 5.

[3]Id. ¶ 7.

removed from the United States.[4] On October 27, 2025, Petitioner was arrested by the Bosque County Sheriff Office and was transferred to immigration custody.[5]

On November 3, 2025, Immigration and Customs Enforcement ("ICE") served Petitioner with a Notice of Third Country Removal, which he refused to sign.[6] On November 14, 2025, and December 17, 2025, Mexican Immigration denied Petitioner entry into Mexico due to medical conditions.[7] On February 23, 2026, and March 19, 2026, Mexican Immigration denied acceptance of Petitioner due to the Notice of Third Country Removal form not being signed.[8] On March 23, 2026, ICE served Petitioner with the I-229a Warning for Failure to Depart and the Notice of Removal to Mexico form, both of which Petitioner refused to sign.[9] On April 8, 2026, ICE served Petitioner with a third Notice of Removal to Mexico form, which he refused to sign.[10] On May 8, 2026, the Government of Costa Rica denied acceptance of Petitioner for third country removal.[11] On August 6, 2026, Mexican Immigration denied entry to Petitioner due to the Notice of Third

---

[4]Written Decision of the Immigration Judge, Exhibit 2 to Respondents' MSJ, Docket Entry No. 8-2, p. 20.

[5]Hammers Declaration, Exhibit 3 to Response to Respondents' MSJ, Docket Entry No. 8-3, p. 4 ¶ 16.

[6]Id. ¶ 17.

[7]Id. ¶¶ 18–19.

[8]Id. ¶¶ 20–21; Sworn Declaration of Deportation Office Clifton Hunt, Docket Entry No. 14, p. 2 ¶ 5.

[9]Sworn Declaration of Deportation Office Clifton Hunt, Docket Entry No. 14, p. 2 ¶ 6.

[10]Id. ¶ 7.

[11]Id. ¶ 8.

Country Removal form not being signed.[12] ICE is engaging with other countries to accept Cuban citizens who refuse or have been denied entry by Mexico.[13] Petitioner remains in immigration custody under a final order of removal.[14]

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition") (Docket Entry No. 1). Petitioner argues that his prolonged detention violates due process under Zadvydas v. Davis, 121 S. Ct. 2491 (2001).[15] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 8). Respondents argue that Petitioner's detention does not meet the standard set forth in Zadvydas.[16] Petitioner has filed a reply.[17]

Petitioner is subject to a final order of removal and has been detained for over six months. The Supreme Court, in Zadvydas, "found that [8 U.S.C.] § 1231(a)(6) authorized continued detention for only as long as removal was 'reasonably foreseeable.'" Ali v. Department of Homeland Security, 451 F.Supp.3d 703, 707 (S.D. Tex. 2020). "The Zadvydas Court held that post-removal-period detention that extended beyond six months would be considered presumptively

---

[12] Id. ¶ 9.

[13] Id. at 3 ¶ 10.

[14] Respondents' MSJ, Docket Entry No. 8, p. 2.

[15] Habeas Petition, Docket Entry No. 1, pp. 6–7; Petitioner's Opposition Response to Respondent's Motion for Summary Judgment, Docket Entry No. 11, pp. 2–7.

[16] Respondents' MSJ, Docket Entry No. 8, pp. 1–2.

[17] Petitioner's Opposition Response to Respondent's Motion for Summary Judgment, Docket Entry No. 11.

unconstitutional." Id. "Beyond this period, when a noncitizen presents good reason to believe that there is 'no significant likelihood of removal in the reasonably foreseeable future,' the Government must provide evidence sufficient to rebut that showing in order to continue detaining that noncitizen." Id. (quoting Zadvydas, 121 S. Ct. at 2505). However, "[t]he removal period may be extended if an alien fails or refuses to cooperate with ICE in obtaining a travel document to effect his removal, or takes other actions to prevent his removal." Chande v. Kelly, Civil Action No. 4:17-CV-2025, 2018 WL 9414292, at *2 (S.D. Tex. May 10, 2018) (citing 8 U.S.C. § 1231(a)(1)(C)). "Zadvydas's burden-shifting analysis is not necessary in a case where a detainee acts to thwart his removal by refusing to cooperate." Anadji v. Keisler, Civil No. B-07-184, 2008 WL 11388565, at *6 (S.D. Tex. June 26, 2008), report and recommendation adopted, 2008 WL 11388548 (S.D. Tex. July 15, 2008).

Petitioner's detention does not violate due process under Zadvydas because the record establishes that Petitioner's detention is authorized under § 1231 (a)(1)(C). Here, despite being served with a Notice of Third Country Removal on November 3, 2025, March 23, 2026, and April 8, 2026, Petitioner refused to sign the documents.[18] His refusal to sign has resulted in Mexican Immigration refusing to accept Petitioner on three separate occasions.[19] Because Petitioner is refusing to cooperate with ICE to effectuate his removal, his removal period may be extended. 8 U.S.C. § 1231(a)(1)(C).

---

[18]Hammers Declaration, Exhibit 3 to Response to Respondents' MSJ, Docket Entry No. 8-3, p. 4 ¶ 17; Sworn Declaration of Deportation Office Clifton Hunt, Docket Entry No. 14, p. 2 ¶¶ 6–7.

[19]Hammers Declaration, Exhibit 3 to Response to Respondents' MSJ, Docket Entry No. 8-3, p. 4 ¶¶ 20–21; Sworn Declaration of Deportation Office Clifton Hunt, Docket Entry No. 14, p. 2 ¶¶ 5, 9.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 8) is **GRANTED**, and Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this the 21st day of August, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE